UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY D. SCOTT, RASHAD WILLIAMS, AND STEVEN WILLIAMS, individually and on behalf of all others similarly situated | CASE NO.: |
| VERSUS | |
| MOBILELINK LOUISIANA, LLC | |

## COMPLAINT – FLSA COLLECTIVE ACTION

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Corey D. Scott, Rashad Williams, and Steven Williams, individually and on behalf of other similarly situated individuals, and respectfully submit this Complaint.

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

### *Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because the employer, Defendant Mobilelink Louisiana, LLC's registered office is located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816. Additionally, Plaintiffs and a number of the putative members of this collective action class were employed and worked in this district while being subject to the Defendant's unlawful payroll scheme.

### *The Defendant*

3.

Made Defendant herein, and who are liable unto Plaintiffs and other similarly situated individuals is Mobilelink Louisiana, LLC, which is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana.

### *Statement of Facts*

4.

Plaintiffs and members of the putative collective action class were hired by the Defendant as sales personnel to perform sales and other related duties.

5.

Plaintiffs and members of the putative collective action class were paid on an hourly basis and received a percentage of their sales as a commission. The commission rate was predetermined based upon a tiered percentage of sales. The commission wages at issue in this litigation were non-discretionary on the part of the Defendant.

6.

Plaintiffs and members of the putative collective action class were non-exempt employees of the Defendant. The FLSA requires that Plaintiffs and members of the putative collective action class be paid overtime for all hours worked in excess of 40 hours per week at a rate of one and one-half times their regular rate of pay. Moreover, the FLSA requires the Defendant to pay Plaintiffs and members of the putative collective action class at one and one-half times their regular rate of wage, which said regular rate must include all commissions earned during a work-week.

7.

Defendant failed to include in the overtime wages for Plaintiffs and the members of the putative collective action class their earned commissions during a work-week.

8.

Defendant required its sales personnel to work far in excess of 40 hours per work week. Plaintiffs routinely worked 60 or more hours in a work week.

9.

In addition to miscalculating the regular rate of wage for Plaintiffs and the members of the putative collect action class, Defendant required Mr. Scott to work significant hours off of the clock without hourly compensation or overtime compensation. Mr. Scott was instructed to sign-out of the time clock or not sign-in to begin the day. Defendant has records that would indicate the exact amount of actual hours worked for which Mr. Scott is entitled to receive his hourly and overtime compensation.

10.

Defendant directed Plaintiffs and the putative collective action class as to how, when, and where to perform their work.

11.

Plaintiffs and the collective action members were all employees of the Defendant during the time period to which this action pertains. Mr. Scott began working for the Defendant in or about December of 2018 and is currently employed with the Defendant. Mr. Rashad Williams began working for the Defendant in or about December of 2018 until approximately July 15, 2019. Mr. Steven Williams began working for the Defendant on or about May 21, 2018 until the middle of June of 2020

12.

The illegal payroll scheme identified herein was the policy of Defendant at the time each of the Plaintiffs began their employment with Defendant and continues presently as the policy of the Defendant.

*FLSA Collective Action Allegations*

13.

Plaintiffs bring the claims set forth above on their own behalf and on behalf of all similarly situated persons employed, within the past three years, by Defendant as sales personnel and who were paid on an hourly rate with additional commissioned based upon a percentage of their sales.

14.

The Defendant knows the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

15.

There are questions of fact and law common to the class, including whether Defendant failed to pay sufficient overtime wages as required by the FLSA to individuals employed as sales personnel.

16.

At all times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, Plaintiffs and those similarly situated were engaged in interstate commerce during their employment with Defendant. Plaintiffs and

those similarly situated regularly and customarily used computer systems and other equipment that were produced in interstate commerce. Additionally, Plaintiffs and those similarly situated regularly sold cell phones and other related merchandise that was produced in interstate commerce.

17.

On information and belief, Defendant operates 26 stores throughout Louisiana for the purpose of selling merchandise and Cricket Wireless cell phone service contracts.

18.

On information and belief, Defendant has had annual gross volume of business in excess of $500,000.00 per year for each year at issue in this litigation.

19.

Plaintiffs and the collective action members that they seek to represent are similarly situated and are subject to the Defendant's unlawful employment practices outlined above. Plaintiffs will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for Plaintiffs are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

### *Failure to Pay Overtime*

20.

Plaintiffs incorporates by reference the allegations contained in the preceding paragraphs.

21.

The FLSA applies to the Defendant's employment of Plaintiffs and all other sales personnel.

22.

Defendant is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

24.

The Defendant has willfully refused to pay sufficient overtime wages to Plaintiffs and the collective action members whom they seek to represent for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for the Defendant.

25.

Attached hereto and made a part hereof as Exhibit A *in globo* are the *FLSA Consent to Sue* forms executed by Plaintiffs in accordance with 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Corey Scott, Rashad Williams, and Steven Williams, individually and on behalf of the collective action members they seek to represent, pray for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendant;

3. An order appointing Plaintiffs and their counsel to represent the collective action members;

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA; and

5. Any other relief that this Court deems just.

        Respectfully Submitted:

        */s/ James R. Bullman*
        James R. Bullman, Bar Roll No. 35064 –T.A.
        Brian F. Blackwell, Bar Roll No. 18119
        *Blackwell & Bullman, LLC*
        8322 One Calais Ave.,
        Baton Rouge, LA 70809
        Telephone: 225-769-2462
        Facsimile: 225-769-2463
        Email: james@blackwell-bullman.com
        *Attorney for Plaintiffs*