# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**COREY D. SCOTT, et al.**                                              **CIVIL ACTION**

**VERSUS**                                                              **NO. 20-826-SDD-SDJ**

**MOBILELINK LOUISIANA, LLC**

---

## ORDER

The parties' Motion to Determine Factual and Legal Considerations for FLSA Collective Action and to Authorize Preliminary Discovery (R. Doc. 19) is **GRANTED**. The parties' agreement regarding the **schedule**, **procedures,** and **scope** of this preliminary discovery is adopted by the Court below.

    **A.**    **Schedule and Procedures**

In accordance with the parties' agreement, as outlined in their Motion (R. Doc. 19 at 5-6), discovery will be conducted in accordance with the following **schedule** and **procedures**:

1. All below discovery is **limited** to concerns regarding certification of the collective and will be bound by the limitations set forth by the Court below in section B of this Order regarding the scope of discovery.

2. No party may exchange Requests for Admissions at this phase. The parties are limited to **15** Interrogatories and **25** Requests for Production of Documents during the preliminary phase. The Interrogatories issued in the preliminary phase shall not count toward the limit of 25 Interrogatories set forth in the Federal Rules, which will be relevant to the merits phase of discovery. Any documents withheld

    from discovery on grounds of privilege must be accompanied by a privilege log as usual under the Federal Rules.

3.  The parties shall exchange preliminary discovery requests within **7 days** from the issuance of this Order, and the parties shall have **21 days** to serve responses to the discovery request after service of same. So long as the parties are endeavoring to timely respond, extensions of time shall be freely given between the parties, particularly with regards to voluminous discovery.

4.  Each party may take **one** deposition. Any individual who is deposed pursuant to this plan may be later re-noticed for deposition concerning the merits issues of the matter.

**B.**  **Scope**

In accordance with the parties' agreement, as outlined in their Motion (R. Doc. 19 at 6-7), the **scope** of preliminary discovery will be limited, as follows:

1.  What was the compensation policy or policies of Defendant relative to sales employees for the three years preceding the filing of this action?

2.  Was the compensation policy or policies (or portions thereof) applied to all sales employees of Defendant regardless of title, job description, or location?

3.  Were the commissions earned and paid to sales employees calculated into their regular rate of wage for determining the amount of overtime compensation due each pay period where a sales employee worked in excess of the applicable maximum hours standard?

4.  Job titles for all Defendant's employees who receive commissions.

5. Job duties for each such job title, and whether they are consistent across all stores for each job title.

6. Whether each putative member of the collective is classified as exempt or non-exempt.

7. Whether any putative member of the collective worked for the Defendant through a temporary staffing agency.

8. Circumstances regarding the locations worked by each putative member, and evidence to indicate that there is a single payroll practice common across all 22 of Defendant's locations.

9. Whether or not the alleged violations were caused by a "rogue manager" and thus not applicable beyond that manager's direct reports.

10. Whether each member of the putative collective was subject to the same commission plan, payroll process, compensation scheme, and overtime calculations.

11. If there were changes to the commission plans, payroll processes, compensation schemes, and/or overtime calculations, then the dates of employment of each putative member of the collective to determine if and when there is overlap.

12. Whether any member of the putative collective is subject to an arbitration agreement or class or collective action waiver which would preclude participation in a collective action.

13. Whether any member of the putative collective has previously release its FLSA claims against Defendant.

14. Whether any member of the putative collective has had any FLSA or other wage claims previously or concurrently litigation, whether individually or on a class or collective basis against Defendant.

**C.    Follow-Up Status Conference**

A follow-up telephone Status Conference is set for **June 1, 2021,** at **10:00 a.m.** before United States Magistrate Judge Scott D. Johnson to discuss the status of discovery, and what additional steps are necessary, considering the Fifth Circuit's directive in *Swales*—e.g., motion practice to determine "if and when to send notice to potential opt-in plaintiffs." *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 441 (5th Cir. 2021). Counsel participating in the Status Conference will call using the AT&T Teleconference System **five minutes prior** to the conference. Counsel will receive a separate e-mail containing dial in information prior to the conference.

Signed in Baton Rouge, Louisiana, on April 13, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**