UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY D. SCOTT, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-826-SDD-SDJ** |
| **MOBILELINK LOUISIANA, LLC, et al.** | |

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

Before the Court is Plaintiffs' Motion to Compel (R. Doc. 74) complete discovery responses from Defendant Mobilelink Louisiana, LLC, filed on June 8, 2022. Defendant filed an Opposition (R. Doc. 78) in response to the Motion, to which Plaintiffs filed a Reply (R. Doc. 81).

In this collective action, Plaintiffs allege that Mobilelink violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), by failing to include earned commissions in their overtime pay, as well as the overtime pay of similarly situated employees. (R. Doc. 2 at 3) ("Defendant failed to include in the overtime wages for Plaintiffs and the members of the putative collective action class their earned commissions during a work-week."); (R. Doc. 72 at 1) ("Plaintiffs claim that Defendant Mobilelink Louisiana, LLC failed to pay Plaintiffs the correct overtime compensation by not including the commissions earned with the hourly wage for determining the proper overtime premium.").

Following the Court's Authorization of Notice (R. Doc. 30) to potential members of the collective action, the Court entered a Scheduling Order establishing July 1, 2022, as the deadline for completing fact discovery. Less than a month before the close of discovery, Plaintiffs filed the

instant Motion to Compel (R. Doc. 74). Plaintiffs additionally request a 60-day extension to complete fact discovery (R. Doc. 74 at 2), which Defendant does not oppose (R. Doc. 78 at 1). For the reasons given below, Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED**.

I.      **APPLICABLE LAW**

Unless otherwise restricted by the Court, Rule 26(b)(1) generally limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Relevant here, a party "resisting discovery" propounded under Rules 33 and 34 "must show specifically how each discovery request is not relevant or otherwise objectionable." *Gondola USMD PPM, LLC*, 2016 WL 3031852 at *2 (N.D. Tex. May 17, 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

In response to a request for production under Rule 34, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Similarly, a party responding to interrogatories under Rule 33 must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). In addition, the "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also White v. Graceland Coll. Ctr. for Pro. Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1256-57 (D. Kan. 2008) ("Objections that are not initially raised in the answer or response to the discovery are deemed waived.").

Motions to compel discovery responses are governed by Rule 37(a) of the Federal Rules of Civil Procedure. "Rule 37(a)(3)(B) provides that a party seeking discovery may move for an

order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33." *Gondola v. USMD PPM*, LLC, 2016 WL 3031852, at *2 (N.D. Tex. May 27, 2016) (citing Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv)).

## II.    DISCUSSION

The Motion to Compel concerns Plaintiffs' Interrogatory Nos. 5 and 10-13 and Request for Production Nos. 5 and 12-15, which they served on December 8, 2021. (R. Doc. 74-2). Mobilelink initially responded on February 7, 2022 (R. Doc. 74-3), and later provided Supplemental Responses (but only to Plaintiffs' Requests for Production) on March 15, 2022 (R. Doc. 74-4). The Court will first resolve the Interrogatories at issue before turning to the Requests for Production.

### A.    Interrogatory No. 5

Interrogatory No. 5 requests the following information related to each Plaintiffs' working hours and compensation:

> For each and every week that you compensated Plaintiffs for their labor, identify the week by its sta[rt] and end date and state for each week the number of hours that each Plaintiff worked during the week, their rate of pay for such work, and their gross pay for the week.

(R. Doc. 74-2 at 5). Mobilelink provided the following Answer to Interrogatory No. 5 on February 7, 2022:

> Mobilelink reserves the right to supplement its response to this interrogatory as discovery continues and Mobilelink reviews Plaintiffs' records.

(R. Doc. 74-3 at 5). It appears that Mobilelink never supplemented this Answer, and the Court agrees with Plaintiff that the Answer provided is tantamount to no response.

In its Opposition, Mobilelink directs the Court to its Supplemental Response to Request for Production No. 1, in which it represents that it changed its contract with its payroll provider and that the provider is trying but may not be able to access the records for 2018. (R. Doc. 74-4 at 4). This Supplemental Response was made in mid-March, but the Opposition was filed in mid-June. Mobilelink should have made more progress by now, and its Opposition, along with its discovery responses, indicates a lack of diligence.

Mobilelink also suggests that Plaintiff may have already obtained some of this information directly from Mobilelink's payroll provider, ADP. For that reason, it asks that the Court order Plaintiffs to first provide a detailed listing of the information and/or records that are needed to provide a complete picture of weeks worked, number of hours worked, rate of pay, and gross pay." (R. Doc. 78 at 4).

This discussion should have happened between the parties before this Motion to Compel was filed. Both parties are vague as to what occurred during their Rule 37 conference and have left the Court guessing. The only thing that is clear is that Defendant's Answer in no way responds to Interrogatory No. 5, and the fact that Plaintiffs may have received documents from ADP in no way negates Defendant's obligation to respond to discovery requests. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED** as to **Interrogatory No. 5,** and Defendant must **supplement** its Answer to Interrogatory No. 5 within **14 days** of this Order.

B.      **Interrogatory Nos. 10 - 13**

This Court and countless others have recognized that an "interrogatory may reasonably ask for the material or principal facts which support a contention, including those asserted in affirmative defenses." *Barnett v. Magellan Health, Inc*., 2018 WL 2470727, at *4 (M.D. La. June

1, 2018). A contention interrogatory, however, "may be overly broad where it seeks 'each and every' single fact upon which a party bases its case. *Id.* at *4 (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)). Courts have "tended toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered." *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 2018 WL 3954144, at *4 (M.D. La. Aug. 17, 2018).

Here, Interrogatory Nos. 10, 11, 12, and 13 ask Defendant to "identify each and every fact that [Defendant] allege[s] forms the basis for asserting" Defendant's Third, Fifth, Twelfth, and Thirteenth Defenses, respectively. (R. Doc. 74-1 at 3-4). Defendant provided the following objection to each contention interrogatory:

> Mobilelink objects . . . on the grounds that it is premature, insofar as it requests the marshalling of evidence at this early stage and discovery has just begun in this matter. Mobilelink reserves the right to supplement its response to this interrogatory as discovery continues. Mobilelink further objects on the basis of attorney work product.

(R. Doc. 74-1 at 3-4).

To begin, "[i]t is within the scope of discovery for Plaintiff to request that Defendant identify the facts that support its [] defenses"—i.e., the information requested in Interrogatory Nos. 10, 11, 12 and 13. *Barnett v. Magellan Health, Inc.*, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). And although not raised in Defendant's objection, Plaintiffs' request for "each and every fact" is overly broad, and the Court will **limit** Interrogatory Nos. 10, 11, 12, and 13 to "the material facts" Defendant may rely on to establish the Third, Fifth, Twelfth, and Thirteenth Defenses asserted in Defendant's Answer, respectively. *Barnett* 2018 WL 2470727, at *4 (applying a similar limitation).

As for Defendant's assertion that these contention interrogatories call for work product, the Court does not read Plaintiffs' Interrogatory Nos. 10, 11, 12, or 13 to request anything other than the facts supporting certain defenses asserted by Defendant in the Answer. "Facts are not protected by the attorney-client privilege or the work-product doctrine. Likewise, the underlying facts are not privileged strictly because they were provided . . . by counsel." *Barnett v. Magellan Health, Inc.*, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018); *see also Guenoit-Kornegay v. Blitz U.S.A., Inc.*, 2012 WL 6045558, at *2 (S.D. Miss. Dec. 5, 2012) ("[F]acts are not protected by the attorney-client privilege or the work-product doctrine."); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Servs., Inc.*, 120 F.R.D. 504, 509 (W.D. La. 1988) ("courts have consistently held that the work-product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or non-existence of documents, even though the documents themselves may not be subject to discovery.").

Defendant's remaining objection is prematurity. As for the timing of contention interrogatories: "By or soon after the close of discovery, a defendant should be able to generally explain the factual basis for each of the denials and affirmative defenses pled in its answer." *In & Out Welders, Inc. v. H & E Equip. Servs., Inc.*, 2018 WL 1370600, at *7 (M.D. La. Mar. 16, 2018). It is within the court's discretion to determine the appropriate response time. *See In re Katrina Canal Breaches*, 2007 WL 1852184, at * 3 (E.D. La. June 27, 2007) ("As to contention interrogatories of this sort, Rule 33(c) provides that the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time. This Rule is purely permissive. The court may—but is certainly not required to—delay a response."); *InternetAd Systems, LLC v. ESPN, Inc.*, 2004 WL 5181346, at

*2 (N.D. Tex. Oct. 8, 2004) ("Although it is not necessarily objectionable and may even be advisable, the language of Rule 33(c) and the Advisory Committee note support the conclusion that it is within a court's discretion to decide when an otherwise-proper interrogatory must be answered.").

Here, the original close of discovery was July 1, 2022.[1] In their objection, Defendant claimed that Interrogatory Nos. 10 – 13 were premature as discovery had, at that time, just begun. It likewise "reserved the right to supplement" its responses "as discovery continues." Notably, Defendant's objection centers around the fact that discovery was in its early stages; it does not claim that the interrogatories at issue can never be answered. Given the basis for the prematurity objection, and the fact that the original discovery period closed on July 1, 2022, the Court finds that Defendant must now respond to Interrogatory Nos. 10, 11, 12, and 13. And so,

Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED** as to **Interrogatory Nos. 10, 11, 12, and 13**, subject to the following:

- Interrogatory Nos. 10, 11, 12, and 13 are **limited** to "the **material facts**" Defendant may rely on to establish its Third, Fifth, Twelfth, and Thirteenth Defenses, respectively.

- Defendant must **supplement** its Answers to Interrogatory Nos. 10, 11, 12, and 13 within **14 days** of this Order.

C.    **Request for Production No. 5**

Request for Production No. 5 sought the production of "Computer-readable data showing the transactions for each Plaintiff that formed the basis of any commissions or other compensation

---

[1] The Court will, however, be extending the deadline based on the parties' request and the outstanding discovery at issue in this Motion to Compel.

paid to them in addition to any hourly wages." (R. Doc. 74-1 at 5). In their Opposition, Defendant makes the following representations:

> Mobilelink is in the process of gathering documents responsive to [Request for Production No. 5]. Mobilelink asks that the Court issue an order providing Mobilelink with 30 days from the date of the order to produce any responsive documents in its possession.

(R. Doc. 78 at 5). It has now been more than 30 days since the Opposition was filed, and Defendant should have produced this information when it was first requested. Moreover, the Federal Rules of Civil Procedure require a responding party to produce all information within its possession, custody, or control – not just information within its possession. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED** as to **Request for Production No. 5,** and Defendant must provide all responsive documents in its **possession**, **custody,** or **control** within **14 days** of this Order.

D.      Request for Production Nos. 12 and 13

Request for Production Nos. 12 and 13 asked Defendant to produce the following information related to the calculation of wages.

**Request for Production No. 12:**
All documents relating to any communication to or from your payroll department(s) (or any individual therein) regarding how pay for Plaintiffs, and/or sales personnel that were paid on an hourly rate with additional commission based upon their sales, was to be calculated.

**Request for Production No. 13:**
All documents related to any communication to or from you with Automatic Data Processing, Inc. ("ADP") (or any individual therein) regarding how to pay for Plaintiffs, and/or sales personnel that were paid on an hourly rate with additional commission based upon their sales, was to be calculated.

(R. Doc. 74-2 at 13). Defendant then provided substantively identical Responses and Supplemental Responses to both Request for Production Nos. 12 and 13:

**Response to Request for Production Nos. 12 and 13:**
Mobilelink objects . . . based on the following specific grounds and reasons: it is vague and overbroad. Mobilelink further objects on the grounds that the phrases "all documents" and "any communication" are undefined and ambiguous, as the phrase fails to describe what information, if any, is sought and improperly requires Mobilelink to guess Plaintiffs' intended meaning. Subject to and without waiving the foregoing objections, Mobilelink reserves the right to supplement its response to this request as discovery continues and Mobilelink reviews Plaintiffs' records.

**Supplemental Response to Request for Production Nos. 12 and 13:**
Mobilelink objects . . . based on the following specific grounds and reasons: it is substantially and temporally vague and overbroad. Mobilelink further objects to this request because with no relevant time period provided, it is temporally overbroad. Mobilelink further objects on the grounds that the phrases "all documents" and "relating to any communication" are undefined and ambiguous, as the phrases fail to describe what information, if any, is sought and improperly require Mobilelink to guess Plaintiffs' intended meaning. Further, Plaintiffs have essentially request electronically stored information "ESI" but have not provided a suggested ESI protocol, which would require, at a minimum, a proposed relevant time period, custodians and search terms. This request is so overbroad that it provides no workable parameters within which Mobilelink could even begin to perform an ESI search. Mobilelink reserves the right to supplement its response to this request as discovery continues.

(R. Doc. 74-4 at 10-11). The Court however finds Defendant's objections to either be without merit or waived.

To begin, the only objection raised in the original Responses claims the Requests are vague as "the phrases 'all documents' and 'any communication' are undefined and ambiguous phrases." (R. Doc. 74-4 at 10-11). However, both key terms in these phrases — "documents" and "communications" — are actually defined in the "Definitions" section of Plaintiffs' Requests for Production. (R. Doc. 74-2 at 10-11). Because Defendant objected based solely on its erroneous assumption that these terms were not defined — as opposed to objecting to how Plaintiffs defined either term — the Court will not entertain this baseless objection any further.

Defendant's remaining objections are that Request for Production Nos. 12 and 13 (a) are "temporally overbroad" as they include "no relevant time period," and (b) "essentially request

electronically stored information 'ESI' but [fail] [to] provide[] a suggested ESI protocol."[2] (R. Doc. 74-4 at 10-11). However, both objections were not raised until Mobilelink's Supplemental Responses to Request for Production Nos. 12 and 13 on March 15, 2022. (R. Doc. 74-4 at 10-11).

"[A]s a general rule, when a party fails to object timely to interrogatories, [or] production requests . . . objections thereto are waived," *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989), unless the responding party shows "good cause to excuse its later-raised objections," *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 573 (D. Mont. 2021). *See also* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b) advisory committee's notes (1970) ("The procedure provided in Rule 34 is essentially the same as that in Rule 33 . . . ."); *Bank of Mongolia v. M & P Glob. Fin.*

---

[2] The Court would still overrule Mobilelink's objection regarding the lack of ESI protocol, even if it were timely raised. To begin, ESI is very often responsive to requests for production. This fact alone does not negate Defendant's obligation to respond to discovery. Moreover, a party resisting discovery of ESI based on undue burden, must make a specific showing that "the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Defendant's conclusory objection falls woefully short. And finally, its position that Plaintiff should unilaterally come up with an ESI protocol for Defendant to search its own ESI is contrary to the weight of authority on this issue:

> "A producing party generally has an obligation to collect and review ESI pursuant to its own search protocol . . . and to provide the requesting party with the names of custodians whose ESI was searched, date ranges for the searches, and any search terms applied. Such information is properly included in written responses to document requests pursuant to Rule 34's specificity requirements. . . . A producing party is usually in the best position to know where to find relevant documents. . . . If problems are found with the search, a requesting party can raise them afterwards."

*Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 646 n.5 (S.D.N.Y. 2019); *see also* The Sedona Conference, *The Sedona Principles, Third Edition*, 19 Sedona Conf. J. 1, 52 (2018) ("[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for . . . producing their own electronically stored information."); *AIDS Healthcare Found., Inc. v. City of Baton Rouge*, 2018 WL 5259465, at *5 n.4 (M.D. La. Oct. 22, 2018) ("District courts within the Fifth Circuit have acknowledged that the "Sedona Principles and related Sedona commentaries are the leading authorities on electronic document retrieval and production."); *Winfield v. City of New York*, 2017 WL 5664852, at *9 (S.D.N.Y. Nov. 27, 2017) ("the producing party is better equipped than the court to identify and utilize the best process for producing their own ESI consistent with their obligations under the Federal Rules of Civil Procedure. . . . [And] perfection in ESI discovery is not required; rather, a producing party must take reasonable steps to identify and produce relevant documents"); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 2018 WL 276941, at *4 (M.D. La. Jan. 3, 2018) ("A responding party is generally entitled to select the custodians most likely to possess responsive information."). To be clear, the lack of an ESI protocol does not wholly negate Defendant's obligation to respond to a valid discovery request, even if electronically stored information might be responsive.

*Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) (Untimely Rule 34 objections are subject to waiver unless good cause is shown.). "Any other result would completely frustrate the time limits contained in the Federal rules and give license to litigants to ignore the time limits for discovery without any adverse consequences." *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 156 (S.D. Tex. 2009).

Each objection first raised in its Supplemental Responses was available to Mobilelink at the time of its initial[3] Responses on February 7, 2022, and should have been raised then. Mobilelink has not explained why they failed to raise these objections in their original Responses, or otherwise attempted to show good cause for this failure. As such, the objections first raised by Mobilelink in their Supplemental Responses are waived. *See Talley v. Spillar*, 2017 WL 9288622, at *3 n.1 (W.D. Tex. Mar. 31, 2017) ("Talley served supplemental responses . . . . According to Defendants, these supplements . . . interpose new objections. These supplemental responses were served two months late, and, as such, any new objections raised therein are waived."); *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 222 (N.D.W. Va. 2007) ("The Court concludes Plaintiffs have waived their right to object to Defendant's interrogatories . . . . Defendant served their interrogatories on Plaintiff on January 11, 2006. A joint agreement of the parties allowed Plaintiffs until July 14, 2006, to respond. Plaintiffs timely responded on that date. In their answers, Plaintiffs made no objections whatsoever."); *Ecolab Inc. v. Int'l Chem. Corp.*, 2020 WL 109693, at *4 (M.D. Fla. Jan. 8, 2020) (finding that objections raised in supplemental responses were waived and noting this approach "is consistent with [Rule] 33(b)(4)'s mandate that any ground not stated in a timely objection is

---

[3] The record indicates that the parties agreed to an extension of Mobilelink's response time until February 7, 2022. (R. Doc. 78 at 1). Mobilelink's initial Responses were therefore timely, despite being served more than 30 days after the requests were propounded on December 8, 2021. Fed. R. Civ. P. 34(b)(2)(A) ("A shorter or longer time may be stipulated to under Rule 29 . . . ."); Fed. R. Civ. P. 29(b) (allowing parties to modify discovery procedures by agreement, with exceptions).

waived unless the court, for good cause, excuses the failure."); *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("Both the language of Rule 33 and its promulgation history suggest that grounds for objection must be stated in a response filed within the period allowed for response, and that objections sought to be interposed later" through supplemental responses "are waived unless the waiver is excused for good cause. Nothing suggests that objections may be interposed after the period allowed for response as long as some sort of response was served during the period allowed for response.").

Nonetheless, the Court will, on its own, temporally limit both Request for Production Nos. 12 and 13 to the relevant period at issue.[4] Because the potential group of plaintiffs has been limited to individuals employed by Mobilelink within 3 years of the Conditional Certification Order (R. Doc. 30) (entered on July 28, 2021) up until the present (R. Doc. 26-5) (Notice Form), the Court will **temporally limit** Request for Production Nos. 12 and 13 to the following period: **July 28, 2017, to the present**. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED** as to **Request for Production Nos. 12 and 13**, subject to the following:

- Request for Production Nos. 12 and 13 are **temporally limited** to documents and communications within the following period: **July 28, 2017, to the present**.

- Defendant must produce **responsive documents** and otherwise **supplement** its written Response to Request for Production Nos. 12 and 13 within **14 days** of this Order.

---

[4] The Court would impose this limitation regardless of any objection raised by Defendant.

E.     **Request for Production No. 14**

Request for Production No. 14 asked Mobilelink for "All contracts or agreements between you and Automatic Data Process, Inc. for the years 2018, 2019, 2020, and 2021." (R. Doc. 74-1 at 9). In their original Response, Mobilelink stated:

> **Response to Request for Production No. 14:**
> Mobilelink reserves the right to supplement its response to this request as discovery continues and Mobilelink reviews Plaintiffs' records.

This Response was made on February 7, 2022. (R. Doc. 74-3 at 17). At that time, Defendant had exactly 2 months to contemplate its Response. It in no way objected to the requested information. Indeed, Defendant certainly failed to claim that the information was somehow proprietary or otherwise confidential. However, over a month later Mobilelink supplemented its Response to Request for Production No. 14 and claimed the following:

> **Supplemental Response to Request for Production No. 14:**
> Mobilelink objects to Request for Production No. 14 based on the following specific grounds and reasons: it is substantively vague, overbroad and seeks confidential business information protected from disclosure/production. Mobilelink further objects on the grounds that the phrase "all contracts or agreements" is undefined and ambiguous, as the phrase fails to describe what information, if any, is sought and improperly requires Mobilelink to guess Plaintiffs' intended meaning. Further, Mobilelink objects to this request to the extent that the requested "contracts or agreements" are proprietary and subject to confidentiality provisions that prevent their production. Mobilelink reserves the right to supplement its response to this request as discovery continues.

(R. Doc. 74-4 at 12). Plaintiffs now argue that Defendant has waived all objections in its Supplemental Response to Request for Production No. 14:

> Here, Mobilelink waived any objection, other than one based in a privilege, to the production of its agreement(s) with ADP. Their newfound objections were available to them on February 7, 2022 when they first responded to discovery; however, they failed to object.

(R. Doc. 74-1 at 10). The Court agrees. *See In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

In its Opposition, Mobilelink argues that it "did not waive its objections to Request[] for Production No[]. 14 . . . by reserving its right to supplement its response as discovery continued and then supplementing with specific objections within the confines of the discovery deadline." (R. Doc. 78 at 7). Not only is this contrary to the long-established rule that untimely objections to discovery are generally waived, reserving one's right to supplement a discovery response is pointless, *see Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014) ([A]ny statement reserving the right to supplement discovery responses merely reflects an already existing duty pursuant to [Rule] 26(e)."), and is tantamount to no response at all. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED** as to **Request for Production No. 14,** and Defendant must produce **responsive documents** or otherwise **supplement** its written Response to Request for Production No. 14 within **14 days** of this Order.[5]

    **F.**    **Request for Production No. 15**

Request for Production No. 15 asked for: "All documents relating to any corrective time entries for 'retro' pay." (R. Doc. 74-1 at 10). In its original Response, Mobilelink "reserve[d] the right to supplement its response to this request as discovery continues and Mobilelink reviews Plaintiffs' records." (R. Doc. 74-1 at 10). A month later, it provided the following Supplemental Response:

> Mobilelink objects to Request for Production No. 15 based on the following specific grounds and reasons: it is substantively and temporally vague and

---

[5] Nothing prevents the parties from agreeing to a proposed protective order and submitting it to the Court for to protect any confidential or proprietary information exchanged during discovery.

> overbroad. Mobilelink further objects to this request because with no relevant time period provided, it is temporally overbroad. Mobilelink further objects on the grounds that the phrases "[a]ll documents" and "retro" pay are undefined and ambiguous, as the phrases fail to describe what information, if any, is sought and improperly require Mobilelink to guess Plaintiffs' intended meaning.
>
> Subject to and without waiving the foregoing objections, responsive documents include, but are not limited to, Mobilelink's handbooks, produced as MOBILELINK-000001-263, Mobilelink Payroll Management Policy, produced as MOBILELINK-000276-277, Mobilelink's Time Corrections Policy, produced as MOBILELINK-000279-280, and job descriptions, produced as MOBILELINK-000362-410. Mobilelink reserves the right to supplement its response to this request as discovery continues.

(R. Doc. 74-4 at 12-13). The Court agrees with Plaintiffs that the objections raised in Defendant's Supplemental Response were "readily available" to Defendant when it first responded to Plaintiffs' discovery and are therefore waived.

But even if these objections were not waived, they are largely meritless. As the Court has already explained, the term "document" is actually defined in Plaintiffs' discovery requests. (R. Doc. 74-2 at 10-11). And perhaps most important, Plaintiffs have submitted testimony from Mobilelink's Rule 30(b)(6) deposition which makes it abundantly clear that Mobilelink understands the meaning of the term "retro pay."

```
     Q.    What is retro pay?  Are you familiar with
that?
     A.    Retro pay, if I was -- I get paid, and then
I realize I didn't get paid all my hours, like, I've
had a miss punch, like I didn't punch out.  Then I
would report that to payroll, and payroll would add
it to the next check as a retro pay.
```

(R. Doc. 74-5 at 4). Beyond that, the testimony of Mobilelink's Corporate Representative makes clear that Defendant maintains documents "relating to any corrective time entries for 'retro' pay"—i.e., documents responsive to Request for Production No. 15. (R. Doc. 74-1 at 10).

> Q. How does Mobilelink track whether or not those missed hours would trigger overtime compensation in the week that they were missed in?
>
> A. So the payroll department, say, I -- they receive four hours that were missed out of the last paycheck. They go add it back to the paycheck and it recalculates and it will give you the overtime and the regular, and then they subtract from what was already paid, that difference. So if now I put them into overtime, they get the overtime difference, or if it's just regular, they get the regular difference.
>
> Q. And does Mobilelink keep records of that transaction process?
>
> A. Yes. The payroll department has -- had a time corrections portal, and then for every time payroll runs and they do retro, they have batches on that data.

(R. Doc. 74-5 at 4). And so, even if Defendant had timely raised these vagueness objections, the Court would nonetheless find them unfounded.

Although the Court finds Defendant has waived the objections first asserted in its Supplemental Response, the Court will nonetheless, temporally limit Request for Production No. 15 to the relevant period at issue. Again, because the potential group of plaintiffs has been limited to individuals employed by Mobilelink within 3 years of the Conditional Certification Order (R. Doc. 30) (entered on July 28, 2021) up until the present (R. Doc. 26-5) (Notice Form), the Court

will temporally limit Request for Production No. 15 to the following period: **July 28, 2017, to the present**. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED** as to **Request for Production No. 15**, subject to the following:

- Request for Production No. 15 is **temporally limited** to the following period: **July 28, 2017, to the present**.

- Defendant must produce **responsive documents** and otherwise **supplement** its written Response to Request for Production No. 15 within **14 days** of this Order.

G. **Extension of Discovery Deadline**

Plaintiffs request a 60-day extension of the discovery deadline to accommodate the incomplete discovery at issue in their Motion to Compel. (R. Doc. 74 at 2). Defendant does not oppose the request. Moreover, the Court finds an extension necessary given the amount of discovery at issue in this Motion, which remains outstanding. However, a 60-day extension would place the discovery deadline after the deadline for dispositive motions. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 74) is **GRANTED** and the July 1, 2022 **discovery** deadline is **extended** until **September 2, 2022**.

To accommodate this extension, **IT IS ORDERED** that the following deadlines set by the Court's Scheduling Order (R. Doc. 73) are **modified**, as well: the August 15, 2022 **expert discovery** deadline is **extended** until **September 2, 2022**; and the August 31, 2022 deadline to file **dispositive** and *Daubert* **motions** is **extended** until **September 16, 2022**.

Signed in Baton Rouge, Louisiana, on July 28, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**