UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY D. SCOTT, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-826-SDD-SDJ** |
| **MOBILELINK LOUISIANA, LLC, et al.** | |

## ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION FOR SANCTIONS

Before the Court is Plaintiffs' renewed Motion for Sanctions (R. Doc. 93) against Defendant Mobilelink Louisiana, LLC, who responded by filing an Opposition (R. Doc. 94).

In their Motion, Plaintiffs allege that Defendant has still failed to comply with the Court's prior discovery Order (R. Doc. 82) by not fully producing: (1) the transactional sales data used to calculate commissions between July 2017 and the present, in response to Request for Production No. 5; as well as (2) corrective time entries for retro pay between July 2017 and the present, in response to Request for Production No. 15. (R. Doc. 82 at 7-8, 14-17) (compelling responses to Request for Production Nos. 5 and 15). This information is relevant to whether Defendant violated the FLSA by "not including the commissions earned with the hourly wage for determining the proper overtime premium." (R. Doc. 72 at 1).

As relief, Plaintiffs ask that Defendant be (1) "prohibit[ed] from challenging Plaintiffs' damage calculations" and (2) required to pay $11,805.00 — "the total fees incurred in connection with Mobilelink's discovery conduct." (R. Doc. 93-2 at 10, 11).

The Court recently received the attached Letter requesting a Conference to discuss the status of the pending Motion for Sanctions, as its outcome may impact the parties' upcoming Pretrial Order. (Exhibit A) (Letter). But a conference is unnecessary as the Court now resolves the issue that might bear on the Pretrial Order—Plaintiffs' request that Defendant not be allowed to challenge their calculation of damages.

"An employee who brings suit for unpaid overtime compensation generally bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *Davis v. Martin Marietta Materials, Inc.*, 2021 WL 3603338, at *10 (N.D. Tex. Aug. 13, 2021); *see also Brown v. Fam. Dollar Stores of IN, LP*, 534 F.3d 593, 594 (7th Cir. 2008) ("an employee who brings suit for unpaid overtime compensation bears the burden to prove, with definite and certain evidence, that she performed work for which she was not properly compensated"). But where an employer fails to maintain or provide accurate payroll records in an FLSA action, the United States Supreme Court has established a remedy. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 254(a).[1]

In *Mt. Clemens*, the Supreme Court began by recognizing that the burden to establish unpaid compensation should not be "an impossible hurdle." *Mt. Clemens*, 328 U.S. at 687. With

---

[1] Plaintiffs do not reference *Mt. Clemens*. In fact, the relevant part of Plaintiffs' Motion for Sanctions, in which they ask the Court to prevent Defendant from challenging their calculation of damages, does not contain a single citation to any legal authority supporting their position or the relief being sought, aside from a single reference to "Rule 37." (R. Doc. 93-2 at 1-10). Plaintiffs also focus on Rule 11 and the obligations it imposes on counsel. (R. Doc. 93-2 at 4). But Rule 11(d) makes one thing plainly clear: "This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." *See also Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410 (5th Cir. 1993) (holding that Rule 11 sanctions did not apply to the violation of a discovery order); *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 950 (N.D. Ill. 2021) ("Rule 11 cannot be used as authority for sanctions for motions under Rules 26-37."). The lack of research and citation to relevant case law is confounded by the fact that Plaintiffs' Motion, at times, is somewhat hard to follow.

that in mind, the Court determined that if an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes:

> [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act.

*Mt. Clemens*, 328 U.S. at 687; *see also United States Dep't of Lab. v. Five Star Automatic Fire Prot., L.L.C.*, 987 F.3d 436, 439–40 (5th Cir. 2021) ("Seventy-five years ago in [*Mt. Clemens*], the Supreme Court fashioned a . . . . lenient standard rooted in the view that an employer shouldn't benefit from its failure to keep required payroll records, thereby making the best evidence of damages unavailable."); *Henderson v. Fenwick Protective Inc.*, 2015 WL 9582755, at *5 (N.D. Tex. Nov. 23, 2015) (noting that "[t]ime sheets, pay stubs, and work logs" typically substantiate claims for unpaid overtime, but because defendants "did not participate in discovery," court would accept plaintiffs' declarations instead).

And so, in situations where the employer's records cannot be trusted and the employee lacks documentation, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687; *see also United States Dep't of Lab. v. Five Star Automatic Fire Prot., L.L.C.*, 987 F.3d 436, 442 (5th Cir. 2021) (relying on employee testimony and noting: "The adequacy of the records has to do with the evidence available to establish liability and damages . . . . [W]hen the employer has kept proper and accurate records, then the employee may easily satisfy his burden . . . But where, as here, the records do not allow employees to show the uncompensated overtime work they completed, the burden-shifting framework [of] [*Mt. Clemens*] applies.");

*Rafferty v. Denny's Inc.*, 13 F.4th 1166, 1191-92 (11th Cir. 2021) ("Rafferty testified and met her burden [under] [*Mt. Clemens*] in the very portion of her deposition" showing there were weeks her untipped work exceeded twenty percent of her hours as a tipped employee, resulting in her performing work for which she was not paid); *Alston v. DIRECTV, Inc.*, 254 F. Supp. 3d 765, 788 (D.S.C. 2017) ("[A]n FLSA plaintiff's estimations offered in sworn statements as to the amount of improperly compensated work is, alone, sufficient to meet his initial burden under the [*Mt. Clemens*] framework."); *Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 964 (D. Ariz. 2020) ("Plaintiffs submit deposition testimony, interrogatories, an email communication with a supervisor, and FSE time records" that are available. "Plaintiffs admit they can only estimate the amount of overtime [owed]. However, estimates are not fatal. They are expected, and frequently relied upon . . . where the employer failed to keep accurate [records]."); *Heath v. TFS Dining, LLC*, 2022 WL 827654, at *3 (W.D. Tex. Mar. 18, 2022) ("Typically, plaintiffs [] rely on their employer's timekeeping records to demonstrate that they were not properly compensated for work they performed. If the employers' records are inadequate or inaccurate, plaintiffs may meet their burden by producing sufficient evidence to show the amount and extent of that allegedly uncompensated work as a matter of just and reasonable inference.").

The burden then shifts to the employer, who must submit either evidence of the "precise amount of work performed" or evidence negating the "reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688.

Under Federal Rule of Civil Procedure 37(b)(2), a district court may sanction a party that fails to obey an order to provide or permit discovery by, among other things, "prohibiting the

disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence . . . ." Fed. R. Civ. P. 37(b)(2)(A)(ii). Instead of or in addition to that sanction, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, Defendant did produce some documents in response to Request for Production No. 5 (transactional sales data) and Request for Production No. 15 (retro pay) within the September 2, 2022 deadline set by the Court. (R. Doc. 93-2 at 3). However, Plaintiffs claim this "partial production" does not contain any transactional sales data for 2017, 2018, and part of 2022. (R. Doc. 93-2 at 3). Moreover, Plaintiffs represent that the documents Defendant did produce are incomplete:

> [T]he spreadsheets concerning the transactional sales data contains large gaps wherein the dates and times of the sales were omitted. Further, the spreadsheets concerning the retro pay were only lists of who received retro pay and in which pay period it was paid. Absent from the production was information concerning the workweek in which the hours were worked and not compensated originally . . . .

(R. Doc. 93-2 at 3). Unfortunately, Plaintiff did not attach the referenced spreadsheets for the Court to review in considering their requested relief—that Defendant be "prohibit[ed] from challenging Plaintiffs' damage calculations." (R. Doc. 93-2 at 10).

Nonetheless, the Court agrees that Defendant has failed to comply with its discovery Order (R. Doc. 82) by not fully producing the documents responsive to Request for Production Nos. 5 and 15 and has not met its obligation to undertake discovery in a responsible manner, as required by Rule 26(g). *See Heller v. City of Dallas*, 303 F.R.D. 466, 476 (N.D. Tex. 2014) ("Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is

consistent with the spirit and purposes of Rules 26 through 37."). As the Court previously explained, Defendant and its corporate representative have made inconsistent representations about whether Defendant has and maintains certain documents responsive to Request for Production No. 5 (seeking data of transactional sales on which Plaintiffs' commissions were based).[2] (R. Doc. 90 at 2). And the Court remains unsure as to whether Defendant produced an unprepared corporate representative at its Rule 30(b)(6) deposition, or simply failed to exercise due diligence in gathering documents responsive to written discovery requests. (R. Doc. 90 at 3) ("At best, it seems Mobilelink either produced an unprepared witness or has not made a diligent effort to locate responsive materials."). But one thing is clear — Defendant has not fully complied with the Court's July 28, 2022 discovery Order (R. Doc. 82).

Under the circumstances, and considering the applicable law, the Court finds the following sanctions are most appropriate.[3] *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) ("Rule 37(b)(2) contains two standards . . . that limit a district court's discretion"— "any sanction must be 'just'" and it must "specifically relate[] to the particular 'claim' which was at issue in the order to provide discovery."). First, Plaintiffs are entitled to prove the amount and extent of their damages under the more lenient standard outlined by the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Second, Defendant is prohibited under Rule 37(b)(2)(A)(ii) from introducing any evidence to challenge

---

[2] During the August 24, 2022 Status Conference, the Court learned that Defendant "now claims to not have certain documents related to the commissions earned by Plaintiffs," even though its own corporate representative previously testified that Mobilelink routinely maintained these documents. (R. Doc. 90 at 2) (Defendant claimed its Rule 30(b)(6) deponent was wrong).

[3] Although not a prerequisite to the imposition of sanctions under Rule 37(b), the Court did previously warn Defendant that its continued failure to fully comply with the July 28, 2022 discovery Order (R. Doc. 82) may result in sanctions (R. Doc. 90 at 3). *See Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987) ("A district court is not required to fire a warning shot" before imposing sanctions*.); Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) (the Supreme Court has never said "warnings were a requirement" before sanctions could be imposed under Rule 37(b)(2)).

Plaintiffs' case, including Plaintiffs' calculation of damages, that was not produced within the September 2, 2022 deadline set by the Court's discovery Order (R. Doc. 82). *See Aktas v. Mint Enterprise LLC*, 2022 WL 11705208, at * (D.N.J. Oct. 20, 2022) (warning that if defendants did not comply with deadline to produce time and wage documents, "Defendants will be barred from using . . . any time and/or wage records not produced" and plaintiff will "be free to argue . . . he is entitled to prove his FLSA claim . . . under the relaxed standard articulated in *Mt. Clemens*"). Therefore,

**IT IS ORDERED** that Plaintiffs' Motion for Sanctions (R. Doc. 93) is **partially GRANTED** and the following **sanctions** are **imposed** on Defendant, Mobilelink Louisiana, LLC:

(1) Plaintiffs are entitled to prove the amount and extent of their damages under the standard outlined by the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); and

(2) Defendant is prohibited under Rule 37(b)(2)(A)(ii) from introducing any evidence to challenge Plaintiffs' case, including Plaintiffs' calculation of damages, that was not produced within the September 2, 2022 deadline.

Finally, Plaintiffs' **remaining request** for $11,805.00 in **fees** under Rule 37(b)(2)(C) is **referred** back to the Magistrate Judge for resolution.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 26 day of January, 2023.

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA



8322 One Calais Avenue
Baton Rouge, LA 70809
Phone: (225) 769-2462
Fax: (225) 769-2463
blackwell-bullman.com

January 19, 2023

<u>Via Email only:</u> SDJ_Com@lamd.uscourts.gov
Mag. Judge Scott D. Johnson
Russel B. Long Federal Building and United States Courthouse
777 Florida Street
Baton Rouge, LA 70801

    Re:    Corey D. Scott et al v. Mobilelink Louisiana, LLC
              Middle District of Louisiana, Case No. 20-826-SDD-SDJ

Dear Hon. Judge Johnson:

I hope that this letter finds you well.

As the Court is aware, the Plaintiffs filed a Renewed Motion for Sanctions (Rec. Doc. 93) that is still currently pending. Additionally, the Pre-Trial Order is due to be filed on February 7, 2023. The outcome of the Renewed Motion for Sanctions has an impact on the substance of the Pre-Trial Order such as the exhibits, witness, and defenses to be offered at trial in March.

Accordingly, Plaintiffs request a telephone status conference with the Court to determine whether the parties need to provide any further updates or information to assist the Court in ruling on the Renewed Motion for Sanctions.

Thank you for your assistance with this matter.

With kindest regards, I am

                                        Very truly yours,

                                        James R. Bullman

JRB/slf

cc: Susan Desmond (via email)

