**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| COREY D. SCOTT, et al. | CIVIL ACTION |
| VERSUS | NO. 20-826-SDD-SDJ |
| MOBILELINK LOUISIANA, LLC, et al. | |

## RULING

Before the Court is Plaintiffs' *Motion to Tax Attorney's Fees and Costs*.[1] Defendant Mobilelink Louisiana, LLC, filed an *Opposition*[2] and Plaintiffs filed a *Supplemental Memorandum* in support of their Motion.[3]

This is suit for unpaid overtime compensation brought pursuant to the Fair Labor Standards Act ("FLSA"). The suit was filed on December 9, 2020.[4] The Court was notified on February 7, 2023 that a settlement had been reached.[5] The settlement agreement provided for the Plaintiffs to receive $17,057 which represents 100% of their unpaid overtime compensation and 100% of their liquidated damages.[6]

Plaintiffs move to be awarded $109,010.00 in attorney's fees and $7,499.94 in costs pursuant to 29 U.S.C. §216. Defendant concedes that Plaintiffs are entitled to

---

[1] Rec. Doc. 105.
[2] Rec. Doc. 111.
[3] Rec. Doc. 113-1.
[4] Rec. Doc. 1.
[5] Rec. Doc. 99.
[6] Rec. Doc. 102-1, p. 8; Rec. Doc. 102-2, p. 1.

1

recover reasonable attorney's fees but disputes that the fee award sought is reasonable and disputes that costs for postage and stationery are recoverable under the statute.[7]

Plaintiffs may recover attorney's fees and costs under 29 U.S.C. § 216.[8] Courts in the Fifth Circuit first use the lodestar method to calculate reasonable attorney's fees by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, given the market rate for the type of work expended.[9] This lodestar amount may then be adjusted by the Court after applying the twelve *Johnson* factors.[10] Factor eight—the amount involved and results obtained—is contested by Defendant in the instant case.[11]

Plaintiffs submitted affidavits as evidence of the prevailing hourly rates charged by lawyers in this locale for FLSA litigation.[12] The Court finds that the hourly rates are reasonable and reflect customary billing rates in this locale.[13] Plaintiffs submit that the time spent by counsel was reasonable. Plaintiffs' counsel billed 361.70 hours in a little over two years. The work expended by Plaintiffs' counsel included review of over 6000 documents, principally payroll records. Plaintiffs argue that the "Defendant's actions…needlessly increased the fees in this matter" in two ways.[14] First, Defendant refused to stipulate that the members of the collective action were similarly situated which necessitated Plaintiffs taking a 30(b)(6) deposition, after which Defendant conceded the fact.[15] Second, Plaintiffs argue that "Defendant failed to engage in discovery in a good

---

[7] Rec. Doc. 111 pp. 1, 3, 5.
[8] *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 (5th Cir. 2018).
[9] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).
[10] *Id.* at 800.
[11] *See* Rec. Doc. 111, p. 4.
[12] Rec. Doc. 105-4 and 105-5, refiled due to deficiency notice at Rec. Doc. 107-3 and 107-4.
[13] *Griffin v. REC Marine Logistics, LLC*, No. 20-00092, 2023 WL 8828675, at *8 (M.D. La. Dec. 21, 2023).
[14] Rec. Doc. 105-1, p. 4.
[15] Rec. Doc. 29.

faith manner that resulted in the filing of a (a) Motion to Compel; (b) a Motion for Sanctions; and (c) a Renewed Motion for Sanctions."[16] Attorney time expended on these two issues was 119.90 hours.[17] The Court finds Plaintiffs' argument persuasive and well taken. The Court finds that Defendant's aggressive defense increased the litigation costs, and the hours expended by Plaintiffs' counsel to establish that the members of the collective action were similarly situated and to obtain discovery were reasonable. The Court carefully reviewed the Statement of Fees and Costs submitted by Plaintiffs' counsel in support of the subject Motion.[18] The Court finds the time spent by attorneys was reasonable under the circumstances of this litigation. There is a strong presumption of reasonableness with the lodestar amount.[19] The Court finds that the lodestar fee request of $109,010.00 reflects the number of hours reasonably spent by Plaintiffs' counsel and an appropriate hourly rate, which reasonably reflects the market rate in the community for FLSA work.[20]

The Court is unpersuaded by Defendant's argument that Plaintiffs' counsel failed to show the "requisite billing judgment."[21] Defendant erroneously contends that the Plaintiffs' counsel's Statement of Fees and Costs does not "include any statements or notations showing that counsel considered or excluded any charges."[22] In fact Plaintiffs' counsel's Statement of Fees and Costs reveals two entries, totaling 6.2 hours, for work on a Motion for Summary Judgment that was ultimately not filed, were not charged.[23] The

---

[16] Rec. Doc. 105-1, p. 4 (internal footnotes omitted). *See* Rec. Doc. 73; Rec Doc. 83; Rec. Doc. 93.
[17] Rec. Doc. 105-1, p. 5.
[18] Rec. Doc. 107-2.
[19] *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).
[20] *Black v. Settlepou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).
[21] Rec. Doc. 111, p. 3.
[22] *Id.*
[23] Rec. Doc. 107-2, p. 14.

Court finds that Plaintiffs' counsel did exclude unnecessary charges. Defendant points to six time entries, totaling $12,570.00, as examples of excessive billing.[24] This too is erroneous. Defendant argues that ""11.25 hours for drafting violations on 3/1/22 and 3/2/22" is excessive. In fact, Plaintiffs counsel's Statement of Fees and Costs reveals 8.5 hours expended for the subject work. The Court finds that the time expended is supported by the record.

Defendant further opposes the Plaintiffs' fee application under *Johnson* factor eight, the amount involved and results obtained. Defendant argues "fees sought here are not proportionate to the settlement award."[25] Defendant argues that "courts have held that the fees sought must be proportionate to the award granted."[26] This is an overly simplistic statement of the law. Both the United States Supreme Court and the Fifth Circuit have rejected a direct proportionality approach between the amount of attorney's fees and the amount of damages.[27] "[A] district court should not reduce the fee award solely because of a low damages award" where the other *Johnson* factors do not justify a reduction.[28] However, "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought."[29] Thus, the Court must consider the "result obtained relative to the fee award, and the result obtained relative to the result sought."[30]

---

[24] Rec. Doc. 111, pp. 3-4; Rec. Doc. 107-2, pp. 2, 5, 10, 12, 16.
[25] Rec. Doc. 111, p. 4.
[26] *Id.*
[27] *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986); *Cobb v. Miller*, 818 F.2d 1227, 1235 (5th Cir. 1987).
[28] *Cobb*, 818 F.2d at 1235.
[29] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (internal citations omitted).
[30] *Id.*

On its face, a fee award of $109,010.00 on a recovery of $17,057.00 looks disproportionate. However, the recovery reflects 100% of the Plaintiffs' unpaid overtime compensation and 100% of their liquidated damages. The results sought were the results obtained.[31] The record substantiates that the recovery was hard fought and earned. The Court declines to make an adjustment solely based on proportionality. Reducing attorney's fees solely based on proportionality is an abuse of discretion.[32]

Finally, Defendant argues that the costs sought by Plaintiffs' counsel for postage and stationery associated with the notices required to be sent are excessive and unrecoverable.[33] The Court finds that the postage and stationery expenses are insufficiently documented to warrant recovery. The Statement of Fees and Costs vaguely refers to "Stationery/Supplies" with an occasional reference to "Notice Package."[34] Of the nine cost entries for postage, only three document how many envelopes were posted and the unit postage cost.[35] All other entries simply indicate "Postage for Notice Package" and an amount. While these may be reasonable expenses incurred in connection with legal notice requirement, these out-of-pocket expenses are not documented or reasonably substantiated. The Court hereby reduces the application for costs in the amount of $4,708.06, for a total cost award of $2,791.88.

---

[31] *Id.*
[32] *Combs v. City of Huntington*, 829 F.3d 388, 397-98 (5th Cir. 2016) (The Fifth Circuit vacated a $25,000 award for attorney's fees after a jury awarded the Plaintiff $5,000 in damages. Plaintiff initially sought $323,027.35 in damages and $94,612.80 in attorney's fees. *Id.* at 391. The Eastern District Court of Texas reduced the fee award based solely on proportionality after reading *Migis* to cap a fee-to-damages ratio at 6.5:1. *Id.* at 397. The Fifth Circuit held that the Eastern District Court of Texas abused its discretion when it reduced attorney's fees solely based on proportionality.).
[33] Rec. Doc. 111, p. 5.
[34] Rec. Doc. 107-2, p. 17.
[35] Rec. Doc. 107-2, p. 17.

IT IS HEREBY ORDERED

The Plaintiffs *Motion to Tax Attorney's Fees and Costs* (Rec. 105) is hereby GRANTED, for the reasons and with the cost reduction set forth above.

The Defendant Mobilelink Louisiana, LLC is hereby ORDERED to pay reasonable attorney's fees in the amount of $109,010.00 plus costs in the amount of $2,791.88; a total fee and cost award of $111,801.88.

Baton Rouge, Louisiana, this 28th day of March, 2024.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**